UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZA ARNAL, | ) | No. CV 04-4093-PJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

I.

INTRODUCTION

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking reversal of the decision by Defendant Social Security Administration ("Agency") denying Supplemental Security Income ("SSI") benefits. Alternatively, she asks the Court to remand the case to the Agency for further proceedings. Plaintiff claims that the Administrative Law Judge ("ALJ") failed to include all of her limitations in his hypothetical questions to the vocational expert. The Agency argues that he did include all of Plaintiff's limitations in the hypotheticals and that, even if he did not, Plaintiff's claim is foreclosed under the doctrine of *res judicata* because Plaintiff

failed to appeal the issue after the last hearing.  The Court finds that the ALJ did not include all of Plaintiff's limitations in his hypothetical to the vocational expert and, therefore, remand is required.

## II.

## SUMMARY OF FACTS AND PROCEEDINGS

In June 1998, Plaintiff filed an application for SSI, alleging disability since November 2, 1980.  The application was denied initially and on reconsideration.  She then requested and was granted an administrative hearing before an ALJ.  On January 28, 2000, the ALJ issued a decision denying her claim.  (Administrative Record ("AR") 44-50.)  The ALJ found that Plaintiff suffered from degenerative joint disease of the hand and knee, bursitis of the right shoulder, asthma, and depression.  (AR 47, 49.)  He determined, however, that, although these impairments more than minimally affected Plaintiff's ability to work, they did not preclude her from working.  (AR 48.)  The ALJ concluded that Plaintiff had the residual functional capacity to perform medium or light work, limited to jobs that did not require work at higher than shoulder level and did not require exposure to excessive dust or fumes.  (AR 48, 49.)  The ALJ also limited Plaintiff to work that did not require her to understand, remember, and carry out detailed instructions.  (AR 48, 49.)  The ALJ relied on the testimony of a vocational expert and concluded that, even with these limitations, there were a considerable number of jobs in the economy that Plaintiff could perform and, therefore, she was not disabled.  (AR 49, 50.)  Plaintiff did not appeal the ALJ's decision.

In May 2001, Plaintiff filed a new application for SSI, alleging disability as of December 1976.  (AR 69-83.)  She claimed that she was

disabled as a result of arthritis and depression. (AR 70.) Her application was denied initially and on reconsideration. She then requested and was granted an administrative hearing. On April 15, 2003, a different ALJ than the one who had heard Plaintiff's earlier case held an administrative hearing. (AR 27-38.) Plaintiff appeared with counsel and testified at the hearing. (AR 29-33.) The ALJ also heard testimony from a vocational expert. (AR 33-38.)

On May 6, 2003, the ALJ issued a decision denying Plaintiff's application for SSI. (AR 14-18.) At the outset, the ALJ noted that the prior ALJ's decision, dated January 28, 2000, which Plaintiff had not appealed, was final and binding, *i.e.*, was *res judicata* to Plaintiff's second application. (AR 14.) As such, the ALJ concluded that there was a continuing presumption of non-disability and Plaintiff had the burden to overcome that presumption by showing changed circumstances. (AR 15.) The ALJ found that none of Plaintiff's new evidence established that she suffered from any additional severe impairments not identified by the previous ALJ. (AR 15.) The ALJ determined that the new medical evidence was not adequate to rebut the presumption of continuing non-disability. (AR 15.) The ALJ concluded that Plaintiff had the residual functional capacity to perform simple, repetitive light work, with a further limitation that Plaintiff had difficulty persisting in completing tasks. (AR 17.) The ALJ concluded that Plaintiff could perform jobs like assembly worker, cashier II, and office clerk. (AR 17.)

Plaintiff challenged the ALJ's decision, but the Appeals Council affirmed. She then filed suit in this Court seeking a reversal of the ALJ's decision or a remand for a new hearing.

III.

ANALYSIS

A. <u>Standard of Review</u>

"Disability" under the applicable statute is defined as the inability to perform any substantial gainful activity because of "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Court may overturn the ALJ's decision that a claimant is not disabled only if the decision is not supported by substantial evidence or is based on legal error. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

Substantial evidence "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).) It is "more than a mere scintilla but less than a preponderance," *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

"The Court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Indeed, if the record evidence can reasonably support either affirming or reversing the Agency's decision, this Court must not substitute its judgment for that of the ALJ. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the ALJ committed error but the error was harmless, reversal is not required.

*See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)(applying the harmless error standard).

B.  <u>Because the ALJ Failed to Include all of Plaintiff's Limitations in the Hypothetical to the Vocational Expert, Remand is Necessary</u>

During the administrative hearing, the vocational expert testified that a person with Plaintiff's physical abilities, limited to simple and repetitive type work, could perform unskilled, light work, of which there were sufficient jobs in the economy. The ALJ relied on this testimony to conclude that Plaintiff could work. Plaintiff contends in this appeal that the vocational expert failed to take into account the fact that Plaintiff was also limited because she often had difficulties persisting in completing tasks. (AR 17.) She claims that this oversight mandates reversal. The government argues that this limitation was subsumed in the ALJ's finding that Plaintiff was limited to simple, repetitive, light work. The government argues in the alternative that Plaintiff's claim that she is disabled was decided against her in the earlier decision and she is barred by the doctrine of *res judicata* from asserting it now.

The Court concludes that the ALJ failed to include in the hypothetical to the vocational expert that Plaintiff often had difficulties persisting in completing tasks, which presumably would have affected her ability to work. The Court also concludes that this claim is not barred by *res judicata* because it involves a new and different functional limitation on Plaintiff's ability to work and, therefore, the case is remanded to the Agency for further proceedings.

The law governing this dispute is fairly well settled. Where, as here, a claimant suffers from severe, non-exertional limitations, *i.e.*, depression, the ALJ cannot rely solely on the Medical Vocational

5

Guidelines or "Grids" but must consult a vocational expert to determine whether the claimant can work. *See Holohan v. Massanari*, 246 F.3d 1195, 1208-09 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998)(explaining ALJ may not rely exclusively on the Grids where the claimant suffers from non-exertional limitations and must, instead, call a vocational expert to testify). In eliciting the vocational expert's opinion, the ALJ must include in his hypothetical to the vocational expert all of the claimant's functional limitations, both physical and mental. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995).

In his hypothetical to the vocational expert, the ALJ asked the vocational expert to assume a hypothetical person who was limited to simple, repetitive, light work.[1] (AR 34.) The vocational expert concluded that this hypothetical person could perform a number of jobs in the economy.

In his written decision, however, the ALJ concluded that Plaintiff was not only limited to simple, repetitive, light work, but was further limited because she often had difficulty concentrating and persisting in completing tasks. (AR 17.) Plaintiff complains that this further limitation was not included in the ALJ's hypothetical to the vocational expert. The Court agrees. Clearly, a person who often has difficulty persisting in completing tasks is going to have fewer jobs available to her than one who does not. This limitation should

---

[1] There were other exertional limitations included in the hypothetical that are not relevant to this analysis. In addition, it is noted that, in the hypothetical, the ALJ did not identify the work as light work, rather, he described a hypothetical person with exertional limitations that were consistent with light work. *Compare* AR 34 *with* 20 C.F.R. § 404.1567(b) (2004).

6

have been included in the hypothetical so that the vocational expert could testify as to the impact of this limitation on the job base for someone like Plaintiff.

Defendant contends that the ALJ tacitly included this limitation in the hypothetical by limiting Plaintiff's jobs to simple, repetitive, light work. Thus, Defendant is equating the terms "simple, repetitive light work" with "often [having] difficulty concentrating and persisting in completing tasks." The Court does not accept this comparison. Though the Court would agree that the limitation due to "often [having] difficulty concentrating" would translate into jobs involving only simple and repetitive tasks, the limitation due to "often having difficulty persisting in completing tasks" has no correlation to simple and repetitive tasks. The plain meaning of these terms suggests that they are different. People who have problems understanding detailed instructions and, as a result, are restricted to simple and repetitive work do not necessarily have difficulty persisting in completing their work. Many, if not most, people who are restricted to simple, repetitive work have absolutely no problem finishing it. One need only visit an assembly line to see evidence of this fact. Further, nothing in the case law, the regulations, or the Dictionary of Occupational Titles supports the government's view that there is this overlap.

Defendant cites *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002), in support of its argument that simple, repetitive, light work includes a limitation for deficiencies in concentration and persistence. Not only does *Thomas* not support this proposition, it supports the opposite conclusion. In *Thomas*, a medical expert testified at an administrative hearing that the claimant in that case

was limited due to the fact that she often had problems with concentration, persistence, and pace. *Id*. at 956. The vocational expert testified next. The ALJ instructed the vocational expert that she should assume that the hypothetical person was able to do less than a full range of light work, notably, she should include the medical expert's limitations--*i.e.*, "'deficiency to concentration, persistence, and pace often'"--in formulating her opinion. *Id*. at 956. The vocational expert opined that the hypothetical person could still work and the ALJ adopted this conclusion. On appeal, the claimant argued that the ALJ should have included in the hypothetical that the claimant was limited by deficiencies in concentration, persistence, and pace, as found by the medical expert. The court concluded that, in fact, the ALJ had included this limitation by instructing the vocational expert to assume that the claimant was limited as found by the medical expert, *i.e.*, often had deficiencies in concentration, persistence, and pace. *Id*. Thus, *Thomas* does not stand for the proposition that light work includes a limitation on concentration and persistence. In fact, it stands for the opposite conclusion. Deficiencies in concentration and persistence are not included in the definition of light work and must be specifically spelled out for the vocational expert where they exist. *Id*.

    The Court recognizes that in the case at bar the ALJ's hypothetical question was not limited to light work, but included an additional qualifier for simple and repetitive light work. But the "simple and repetitive" qualifier does not encompass the ALJ's finding that Plaintiff often had difficulties persisting in completing tasks. The vocational expert was not questioned about this limitation. The failure to include this limitation in the hypothetical mandates

8

reversal and remand for another hearing to allow the vocational expert to offer an opinion with this limitation in mind. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)(An ALJ's "[h]ypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant . . . .") (emphasis in original); *see also Thomas*, 278 F.3d at 956 (cautioning that, "[i]n order for the testimony of a [vocational] [expert] to be considered reliable, the hypothetical posed must include all of the claimant's functional limitations, both physical and mental[,] supported by the record")(citation and internal quotation marks omitted).

    The government argues that Plaintiff's claim is barred by the doctrine of *res judicata*. The government maintains that, "[t]he previous ALJ had found that [P]laintiff was not disabled despite exactly such a mental condition." (Government's Brief at 4.) The Court disagrees. As set forth below, the second ALJ determined that Plaintiff's condition had changed, rendering the prospective application of *res judicata* inapplicable.

    Ordinarily, the Agency's denial of benefits will create a presumption of continuing non-disability, which a claimant must rebut if she re-applies for benefits. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 791 (9th Cir. 1997)(finding that the Agency's previous denial of disability created "a presumption of continuing non-disability which [the claimant] must rebut by evidence of changed circumstances"). On a claimant's successive application for SSI benefits, the ALJ must ask whether the claimant has rebutted the presumption of continuing non-disability by showing "changed conditions." *See Lyle v. Secretary of Health and Human Services*, 700

F.2d 566, 568 (9th Cir. 1983)("The question before the second [ALJ] [i]s whether conditions had changed since" the previous denial of benefits.)  A claimant can rebut the presumption by showing that her condition has materially "changed."  *See*, *e.g.*, *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988)(noting that the claimant can rebut the presumption by showing "that his impairments have become more severe since the date of the earlier decision").[2]

In this case, the second ALJ found that Plaintiff's impairments were more severe than the first, despite his contention that he was accepting the first ALJ's findings and applying *res judicata*.  For example, the first ALJ found that Plaintiff could perform medium (or light) work.  (AR 49.)  The second ALJ found that Plaintiff could perform only light work.  (AR 17.)  The first ALJ limited Plaintiff to work below shoulder height and without dust and fumes.  (AR 48.)  The second ALJ included those limitations but added the additional restrictions of only occasional stooping, kneeling, bending, or crawling.  (AR 17.)  Most importantly, however, as set forth above, the first ALJ only limited Plaintiff to jobs which did not involve detailed instructions, while the second ALJ added a further limitation due to the fact that Plaintiff often had difficulty persisting in completing tasks.  (AR 17, 48.)  Thus, *res judicata* does not apply

---

[2] Given the distinction between retrospective and prospective application of *res judicata* noted in *Lester*, the Court interprets the Ninth Circuit's comments that a claimant's showing of changed circumstances "preclud[es] the application of *res judicata* to the first administrative law judge's ultimate finding against disability," *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1988), to mean only that prospective application of *res judicata* through the presumption of continuing non-disability is inapplicable in these circumstances.

prospectively because the second ALJ found that Plaintiff's condition was different, and more severe than the first ALJ had found. *See Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995)(holding that an increase in the severity of a claimant's impairment is a "changed condition" that precludes the prospective application of *res judicata* by way of the presumption of continuing non-disability).

In the end, the Court concludes that the second ALJ made a finding that Plaintiff was limited in her ability to do simple, repetitive, light work, due to "often [having] difficulty concentrating and persisting in completing tasks." (AR 17.) The second ALJ, however, failed to include this limitation in the hypothetical question to the vocational expert. As such, remand is required so that the vocational expert can address that issue.

IV.

CONCLUSION

For the reasons set forth above, the Agency's decision denying Plaintiff's disability claim is reversed and the case is remanded to the Agency for further proceedings consistent with this opinion.

IT IS SO ORDERED.


DATED:    September  12 , 2005.


　　　　　　　　　　　　　　　　　　　/s/
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\ARNAL, L\Memo_Opinion.wpd